IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ALFRED J. BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-6004-CV-SJ-ODS |
| ) | |
| AFFILIATED FOODS MIDWEST and ) | |
| AFFILIATED FOODS COOPERATIVE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Pending before the Court is Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. # 9). For the following reasons, Defendants' Motion is granted in part and denied in part.

I. BACKGROUND

Plaintiff, acting *pro se*, asserts claims against Defendants for employment discrimination based on race. Specifically, Plaintiff claims he was harassed at work in August 2006, and that he was wrongfully terminated on September 24, 2006, because of his race. Defendants argue that the case must be dismissed because Plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotation marks and citations omitted). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

## III. DISCUSSION

*A. Title VII*

Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted because he failed to exhaust his administrative remedies. Before filing suit under Title VII, a plaintiff must file a charge of discrimination with the EEOC within either 180 or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Missouri has a "work sharing" agreement with the EEOC; thus, a plaintiff in Missouri must file a charge with the EEOC within 300 days after the allegedly discriminatory act occurred. Owens v. Ramsey Corp., 656 F.2d 340, 342 (8th Cir. 1981).

The Title VII administrative charge period of 300 days is considered the functional equivalent of a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). "[Title VII] precludes recovery for discrete acts of discrimination

2

or retaliation that occur outside the statutory time period." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 106 (2002). Plaintiff was terminated on September 24, 2006. Plaintiff filed his charge of discrimination on September 21, 2007, 362 days after the last alleged act of discrimination. Thus, Plaintiff's charge of discrimination was not timely filed.

As an equivalent of a statute of limitations, the administrative charge period can be subject to tolling. Zipes, 455 U.S. at 393. However, equitable tolling is the "exception to the rule, and should therefore only be used in exceptional circumstances." Dring v. McDonald Douglas, Corp., 58 F.3d 1323, 1330 (8th Cir. 1995). Equitable tolling is only available in "circumstances that are 'truly beyond the control of the plaintiff.'" Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998) (quoting Hill v. John Chesik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989)). In this case, Plaintiff admits that he was told on more than one occasion that the information he provided to the EEOC did not constitute a charge of discrimination. Plaintiff was provided instructions on completing the charge filing process. Plaintiff seeks to excuse his late filing by pointing to a temporary relocation to Texas for a few months and to the tragic death of his son on June 13, 2007. The Court finds that Plaintiff's circumstances do not support application of equitable tolling. Because Plaintiff did not file a timely charge of discrimination with the EEOC, Plaintiff may not seek a remedy under Title VII.

*B. Section 1981*

Plaintiff's Complaint cannot state a viable claim under Title VII. However, the Court is required to consider whether Plaintiff's *pro se* Complaint has stated a claim under 42 U.S.C. § 1981. See Owens, 656 F.2d at 343. Construing his *pro se* Complaint liberally, Plaintiff has stated a claim under 42 U.S.C. § 1981. The civil rights statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ." 42 U.S.C. § 1981(a). The statute broadly defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment

3

of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b).  To maintain a discrimination claim under Section 1981, Plaintiff must have a contractual relationship with Defendants.  <u>See</u>, e.g., <u>Gonzalez v. Ingersoll Milling Machine Co.</u>, 133 F.3d 1025, 1034 (7th Cir. 1998).

Plaintiff has stated facts necessary to establish an implied employment contract.  The Eighth Circuit holds that an at-will employment agreement has all the necessary elements of a valid contract–offer, acceptance, and bargained for consideration.  <u>Skinner v. Maritz, Inc.</u>, 253 F.3d 337, 340 (8th Cir. 2001) (citing <u>Johnson v. McDonnell Douglas Corp.</u>, 745 S.W.2d 661, 662 (Mo. 1998)).  Presumably, Defendants offered, at least implicitly, to pay Plaintiff in exchange for his work.  Plaintiff accepted that offer by working.  Defendants, in all likelihood, paid Plaintiff in regular intervals for the work he had completed.  Plaintiff's performance of work for Defendants served as consideration for Defendants' promise to pay for those services and Defendants' promise to pay was adequate consideration for Plaintiff's performance.  Because Plaintiff's Complaint, construed liberally, has stated a claim under § 1981, Defendants' Motion to Dismiss is denied.  Defendants' Alternative Motion for Summary Judgment is also denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment is denied.

IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
DATE: May 12, 2008                     UNITED STATES DISTRICT COURT